**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-30190
Summary Calendar

JESUS CARMONA,

Plaintiff-Appellant,

VERSUS

DAMON BRANSTUDER, ET. AL,

Defendants-Appellees.

Appeal from the United States District Court
For the Middle District of Louisiana
(94-CV-749)
September 18, 1995

Before THORNBERRY, GARWOOD, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Jesus Carmona, Appellant, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint, as well as the court's imposition of Fed. R. Civ. P. 11 sanctions. We affirm.

Background

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Carmona is currently incarcerated in the Louisiana Department of Corrections. He filed this § 1983 complaint alleging violations of his "due process liberty interest rights" by various prison officials in failing to follow proper procedures regarding his lost property claim. The magistrate judge held a Spears[1] hearing, found that Carmona was deliberately attempting to mislead the court by mischaracterizing his property claim as a breach of duty and due process claims, and recommended dismissing the complaint as frivolous and imposing sanctions against him. The district court adopted the magistrate's recommendations, dismissed the complaint as frivolous, and returned it to the magistrate judge for imposition of sanctions in accord with FED. R. CIV. P. 11.[2]

Discussion

An *in forma pauperis* complaint may be dismissed by the district court if it is frivolous. 28 U.S.C. § 1915(d); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). A complaint is frivolous if it lacks an arguable basis in fact or law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992). This Court reviews an order of dismissal for an abuse of discretion. Eason, 14 F.3d at 9.

Carmona's complaint and its attachments indicate that he is raising a lost property claim arising from an incident occurring September 24, 1994, in which he discovered some of his property missing after a search of his cell by prison personnel. He characterized his claim as a due process deprivation, a conspiracy to deprive him of those rights, and a failure to train personnel to prevent loss of property and to prevent a breach of duty. The transcript from the Spears hearing indicates the magistrate judge informed Carmona that

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] The magistrate judge ordered Carmona to handwrite Rule 11(a) and (b)(1-4) twenty-five times on paper provided by the court and return the copies to the court within fifteen days of the order.

2

his complaint asserted only a property claim, though he attempted to claim a constitutional violation.

Neither negligent nor intentional deprivations of property by state officials rise to the level of due process violations if the deprivations are random and unauthorized and if state law provides adequate post-deprivation remedies. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984); Marshall v. Norwood, 741 F.2d 761, 763-64 (5th Cir. 1984). Louisiana provides an adequate post-deprivation remedy for lost property claims. *Ibid.*, referencing La. Civil Code Ann. art. 2315 (West Supp. 1991). The adequate state remedies analysis is not applicable, however, if the deprivation of property results from "established state procedure, rather than random and unauthorized action." *See* Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148, 1157-58 (1982).

Carmona does not challenge the procedure for searching prisoners' cells, but simply argues that Appellees took his property and then did not follow established prison procedures. The district court correctly determined that his contentions allege only a deprivation of property claim which was, at most, a random act. Carmona had an adequate remedy through a state tort action but did not use it because the procedure moved too slowly for his liking. The district court did not abuse its discretion in dismissing the complaint as frivolous.

Carmona's contention that sanctions were wrongfully imposed is meritless. Rule 11 directs the court to impose sanctions against a litigant who signs frivolous or abusive pleadings, and may be imposed on *pro se* litigants. *See* Whittington v. Lynaugh, 842 F.2d 818, 819-21 (5th Cir.), *cert. denied*, 488 U.S. 840 (1988). The district court may impose sanctions after notifying the party of the violation, informing him of the specific conduct to be sanctioned, and directing him to show cause why he had not violated the rule. This Court reviews an order of sanctions under an abuse of discretion standard. Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1023 (5th Cir. 1994).

3

In the case of a *pro se* litigant, a warning should precede the imposition of sanctions, though none is required "where the complaint is merely the latest in a string § 1983 filings, nearly all of which were dismissed as frivolous." Moody v. Baker, 857 F.2d 256, 258 (5th Cir.), *cert. denied*, 488 U.S. (1988).

The record reflects Carmona was given ample warning that sanctions were imminent should he continue on his present course. The magistrate judge told Carmona at the Spears hearing that she would impose sanctions and noted he had been warned many times regarding their imposition. The magistrate's report lists eighteen previous civil actions filed by Carmona, with sanctions recommended in two of these. The report noted Carmona's habit of filing frivolous complaints and previously litigated claims, his attempt to inaccurately portray this litigation, and the magistrate's prior admonition in a different case that a property claim presented no cognizable basis for relief in a civil rights action. In addition, a panel of this Court recently denied Carmona's motion for leave to appeal *in forma pauperis* and warned him that future frivolous filings would result in the imposition of sanctions. Carmona v. Martin, No. 93-3766, slip op. at 3 (5th Cir. April 11, 1994). In view of all the previous warnings, both by this Court and the district court, the magistrate judge did not abuse her discretion in imposing sanctions against Carmona.

Conclusion

We find no merit to any of Carmona's contentions. Therefore, we affirm the district court's judgment dismissing the complaint as frivolous and the imposition of sanctions. Further, since Carmona has been repeatedly warned by the district court and this Court of the consequences of filing future frivolous complaints, we order he be sanctioned $100. Until said fine is paid in full, Carmona is barred from filing any further pleadings, either in district court or in this Court without first obtaining leave of court to do so.

4

JUDGMENT AFFIRMED.  SANCTION IMPOSED.